IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SEAPORT GLOBAL HOLDINGS, LLC**, <br><br> Plaintiff, Counterclaim-Defendant, <br><br> v. <br><br> **POWERPAY, LLC**, <br><br> Defendant, Counter-Claim Plaintiff, <br><br> v. <br><br> **MICHAEL HISLER**, <br><br> Counter-Claim Defendant. | CIVIL ACTION <br><br> NO. 23-1422-KSM |

MEMORANDUM

**Marston, J.**                                                                   **August 2, 2025**

In this contentious business dispute, Plaintiff Seaport Global Holdings, LLC ("Seaport") sued Defendant PowerPay, LLC ("PowerPay") to recover unpaid fees under the parties' contract. (Doc. No. 1.) PowerPay, in response, brought a counterclaim against Seaport and its employee, Michael Hisler, for tortious interference with contractual relations and a counterclaim against Seaport for breach of contract. (Doc. No. 26.) As part of PowerPay's breach of contract counterclaim, it sought "compensatory damages in an amount to be determined at trial, as well as attorneys' fees and costs, and other damages determined to be appropriate." (*Id.* at 22–24.)

Seaport has moved for summary judgment on PowerPay's counterclaims. (Doc. No. 65.) In its motion, Seaport argues that PowerPay cannot establish actual damages or "point to the availability of nominal damages to salvage its deficient" breach of contract counterclaim. (Doc. No. 69 at 30.) PowerPay responds that its "breach of contract [counter]claim expressly requests

'other damages determined to be appropriate,'" which includes a request for "nominal damages." (Doc. No. 77 at 28 n.6.) "[O]ut of an abundance of caution," however, PowerPay has filed a motion for leave to amend its counterclaim to add an express request for "nominal damages." (*Id.*; *see* Doc. No. 78.)

PowerPay's motion for leave to amend is presently before the Court. Seaport opposes the motion. (*See* Doc. No. 87.) It argues that PowerPay's request for "other damages" does not include a request for nominal damages and that amendment is inappropriate under Federal Rule of Civil Procedure 15(a). (*See id.*) But the Court need not decide whether PowerPay's request for "other damages" includes nominal damages because the Court finds that amendment is warranted under Rule 15. The Court thus grants PowerPay's motion for leave to amend its breach of contract counterclaim.

## I.  DISCUSSION

Federal Rule of Civil Procedure 15(a) allows a party to "amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). But "[t]he court should freely give leave [to amend] when justice so requires." *Id.*

When, as here, there is a contested motion for leave to amend, the burden is "on the party opposing the amendment" under Rule 15(a)(2). *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010). The "touchstone of [Rule 15(a)(2)] is a showing of prejudice" to the opposing party. *Id.* And "[i]n the absence of substantial or undue prejudice, denial [of a motion

to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).

Here, Seaport argues that it is unfairly prejudiced by PowerPay's delay in moving to amend.[1]  Yet "delay alone does not justify denying a motion to amend.  Rather, it is only where delay becomes undue, placing an unwarranted burden on the court, or prejudicial, placing an unfair burden on the opposing party, that denial of a motion to amend is appropriate." *Synthes, Inc. v. Mathes*, 281 F.R.D. 217, 225 (E.D. Pa. 2012) (cleaned up).  Because "there is no presumptive period in which delay becomes undue," the Court must decide the issue of undue delay by considering "the movant's reasons for not amending sooner while bearing in mind the liberal pleading philosophy of the federal rules." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (cleaned up).  A plaintiff who moves for leave to amend must offer a "cogent reason" for the delay in seeking amendment. *See id.* (internal quotations omitted).  And "[u]ltimately, 'the

---

[1] Seaport also contends that amendment is futile and rehashes arguments from its motion for summary judgment. (Doc. No. 87 at 10.)  But these arguments go to the substance of PowerPay's breach of contract counterclaim, not to whether an amendment of the counterclaim is appropriate.  Plus, the Court has already addressed and rejected these arguments in a contemporaneously filed memorandum, which denied Seaport's motion for summary judgment on PowerPay's breach of contract counterclaim.

The Court likewise rejects Seaport's argument that PowerPay has acted in bad faith and violated Federal Rule of Civil Procedure 11 because its proposed Second Amended Answer contains allegations and claims that have since been abandoned or proven false in discovery. (*See id.* at 15–20.)  Seaport's suggestion—that for PowerPay to amend its request for relief, it was required to rewrite its entire Amended Answer based on what was learned during discovery—would be both inefficient and an unreasonable use of time and resources.  In its proposed Second Amended Answer, PowerPay does not bring a single *new* factual allegation or counterclaim.  Instead, it just adds an explicit request for nominal damages to its breach of contract counterclaim.  The Court thus finds that PowerPay's proposed Amended Answer is both objectively reasonable and proper. *See Goodman v. Goodman*, No. CIV. 04-3869 (JAG), 2007 WL 748445, at *2 (D.N.J. Mar. 6, 2007) ("Before it can impose sanctions, this Court must find that the amended [pleading] was not objectively reasonable or was filed for an improper purpose."); *cf. Billhofer v. Flamel Techs., S.A.*, No. 07 CIV 9920, 2010 WL 3703838, at *3 (S.D.N.Y. Sept. 21, 2010) (rejecting the argument that a plaintiff "must amend the complaint now in light of the disputed discovery to date").  Accordingly, the Court does not find that PowerPay has acted in bad faith or that Rule 11 sanctions are appropriate here.

obligation of the district court is to articulate the imposition or prejudice caused by the delay, and to balance those concerns against the movant's reasons for delay.'" *Synthes*, 281 F.R.D. at 225 (quoting *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).

Here, PowerPay offers a cogent reason for its delay in seeking leave to add an explicit request for nominal damages: It believed its request for "other damages determined to be appropriate" encompassed a request for nominal damages. (Doc. No. 78 at 6.) Indeed, even now, PowerPay maintains its position that amendment is unnecessary because a "general prayer for 'such other and further relief as the Court may deem appropriate' . . . is sufficient to entitle a breach of contract claimant to nominal damages." (*Id.* (quoting Fed. R. Civ. P. 54(c) and citing *Fagal v. Marywood Univ.*, 2017 WL 4540613, at *8 (M.D. Pa. Oct. 11, 2017)).)[2] It moves to amend its breach of contract counterclaim only "out of an abundance of caution" and to make explicit what it believes is already implicit.

Seaport disputes PowerPay's reason for delay, arguing that PowerPay should have sought leave to amend months ago. According to Seaport, "as of June 28, 2024, at the very latest, [PowerPay] had actual notice that it would be unable to establish the 'resulting damages' element

---

[2] PowerPay's argument is not frivolous given *Fagal* and other cases. In *Fagal*, the plaintiff moved for leave to amend his complaint at the summary judgment stage to add an explicit "request for nominal damages" to his breach of contract claim. 2017 WL 4540613 at *10. But the court found that "such amendment is not required" because the request in his complaint for "such other and further relief to which [plaintiff] may be entitled at law or equity" already encompassed a request for nominal damages. *Id.*; *cf.* Fed. R. Civ. P. 54(c) ("Every . . . judgment [other than default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Still, Seaport is correct that other courts in this Circuit have ruled that as a matter of Pennsylvania *substantive* law, plaintiffs must explicitly plead nominal damages as part of their breach of contract claims. *See Danieli Corp. v. SMS Grp., Inc.*, 2024 WL 4792960, at *12 (W.D. Pa. Nov. 14, 2024) ("[F]ederal courts view the issue of whether a plaintiff must request nominal damages in his complaint as a substantive issue governed by state law in diversity cases."); *see also, e.g.*, *Cohen v. Resol. Tr.*, 107 F. App'x 287, 298–90 (3d Cir. 2004) (affirming the District Court's refusal to award nominal damages because "the plaintiffs requested only compensatory and punitive damages in their amended complaint, and nothing in the record suggests that they asked to amend their complaint to include nominal damages"). Because the Court grants PowerPay's motion for leave to amend its counterclaim, the Court need not rule on this issue here.

of its breach of contract" counterclaim, so PowerPay should have known then that it would be able to seek only nominal damages on its breach of contract counterclaim. (Doc. No. 87 at 13.) But this argument misses the mark. PowerPay says it did not seek leave to amend earlier because it had a good faith belief that its counterclaim already contained a request for nominal damages. So, even if PowerPay knew in June 2024 that it could not prove causation—a point that it has consistently rejected—it still would have thought there was no reason to amend its counterclaim at that time. It was not until October 31, 2024, when Seaport argued that PowerPay's breach of contract counterclaim lacked a request for nominal damages, that PowerPay would have known the parties had different interpretations of its request for relief. And PowerPay filed its motion to amend just a few weeks later. (Doc. No. 78.) Given this timeline, the Court cannot find that PowerPay's motion to amend is the result of dilatory motives or undue delay.

     Next, Seaport argues that even if PowerPay has a cogent reason for its delay, the Court should still deny its motion to amend because Seaport has been and will continue to be prejudiced if PowerPay is granted leave to amend its counterclaim. Seaport claims that it has incurred substantial fees and expenses litigating compensatory damages and moving to exclude PowerPay's damages expert, and it views PowerPay's current motion as a "tacit acknowledgment" that PowerPay cannot establish compensatory damages. (Doc. No. 87 at 8–9, 13.) So, it argues, the Court should not reward PowerPay's "gamesmanship" by allowing its breach of contract counterclaim to proceed solely on a request for nominal damages. (*Id.* at 15.) Seaport's argument misses the mark again. The addition of an explicit request for nominal damages does not eliminate PowerPay's preexisting request for compensatory damages. So, regardless of whether nominal damages were included as a form of relief at the beginning of this

litigation or added now, the parties still would have litigated PowerPay's request for compensatory damages. In short, the delay in amendment did not result in Seaport incurring costs and expenses that it would not have otherwise incurred.

Seaport last asserts that "granting the motion will increase the cost of litigation and the burden to this Court by forcing the parties to expend substantial time to prepare for and try a counterclaim for *no damages*." (*Id.* at 9 (emphasis added).) Yet "nominal damages" does not mean "no damages." *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 290–91 (2021) (rejecting the premise that "nominal damages are purely symbolic, a mere judicial token that provides not actual benefit to the plaintiff" because "this view is against the weight of the history"). And courts interpreting Pennsylvania law are clear that a valid breach of contract claim can proceed to trial even when the only remaining damages are nominal. *See, e.g.*, *Haywood v. Univ. of Pittsburgh*, 976 F. Supp. 2d 606, 645 (W.D. Pa. 2013) ("Under Pennsylvania law, if a party is able to prove breach of contract but can show no damages flowing from the breach, the party is entitled to recover nominal damages."). Thus, Seaport's asserted prejudice is nothing more than the usual cost associated with trying a claim, which is not the type of prejudice that calls for the denial of a motion to amend under Rule 15(a). *See Kubic v. Packaging Corp. of Am.*, 1994 WL 144363, at *1 (E.D. Pa. Apr. 18, 1994) ("Undue prejudice is more than the prejudice inherent in any pleading amendment. Undue prejudice to the opposing party means an undue difficulty or unfair disadvantage in defending the action because of a change of tactics or theories, such as when the opposing party would be deprived of the opportunity to present facts or evidence."). As PowerPay correctly notes, the proposed amendment will not result in "additional discovery, cost, or preparation" because "PowerPay's breach of contract claim against Seaport remains exactly the same with or without the proposed amendment." (Doc. No. 89 at 10.)

\* \* \*

In sum, PowerPay has given a cogent reason for its delay in moving to amend, and Seaport has failed to show that the delay was undue or that amendment will cause Seaport to suffer substantial prejudice. Because leave to amend should be freely given "when justice so requires," the Court will allow amendment here. *See Norfolk S. Ry. Co. v. Pittsburgh & W.V. R.R. & Power Reit*, 2014 WL 2808907, at \*19 (W.D. Pa. June 19, 2014) (rejecting the argument that plaintiffs' "failure to . . . include nominal damages in their prayer for relief warrant[ed] the entry of summary judgment" on their breach of contract claim because plaintiffs "timely [sought] leave to amend their prayer for relief to include nominal damages").

## II.     CONCLUSION

PowerPay's motion for leave to amend is granted. An appropriate order follows.